



CJ-2021 803

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

Prince

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB 25 2021

RICK WARREN
COURT CLERK

112

1. LESLIE DRISKILL,

   Plaintiff,

v.

1. STATE OF OKLAHOMA, *ex rel.*,
   BOARD OF REGENTS OF THE
   UNIVERSITY OF OKLAHOMA,

   Defendant.

Case No. CJ-2021-

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

**CJ - 2021 - 803** (804 struck through)

## PETITION

**COMES NOW THE PLAINTIFF,** Leslie Driskill, and pleads her claims as follows:

### PARTIES

1. The Plaintiff is Leslie Driskill, an adult resident of Oklahoma County, Oklahoma.

2. The Defendants is the State of Oklahoma, *ex rel.*, Board of Regents of the University of Oklahoma.

### VENUE

3. Plaintiff's claims are for disability discrimination including failure to accommodate, in violation of the federal Rehabilitation Act; interference with Plaintiff's rights under the Family Medical Leave Act (FMLA) and retaliation after Plaintiff attempted to and/or did exercise her rights under the FMLA.

4   The conduct giving rise to this action occurred in Oklahoma County, Oklahoma wherefore venue is proper in this Court.

1

EXHIBIT 3

## STATEMENT OF FACTS

5. Defendant employed at least fifty employees within seventy-five road miles of the Plaintiff's work location for each of twenty (20) or more calendar weeks in the current or proceeding calendar year and is an employer under the federal Rehabilitation Act and the FMLA.

6. Plaintiff was employed by the Defendant from around 2009 until she was involuntarily terminated around May 12, 2020.

7. Plaintiff began working for Defendant as a Research Assistant II.

8. Plaintiff performed satisfactorily and was given several promotions, most recently to the position of Clinical Trials Manager.

9. Plaintiff was qualified for her position as Clinical Trials Manager and performed satisfactorily.

10. Beginning around December 2019 Plaintiff began suffering from memory lapses, concentration difficulties, dizziness and sever exhaustion.

11. Around March or April 2020 Plaintiff's supervisor, Shannon Kennedy, approached Plaintiff and stated that Defendant had been "concerned for [Plaintiff's] wellbeing". Plaintiff explained that she had been suffering from the issues discussed in para. 10, above, that Plaintiff had been generally feeling unwell, and that she (Plaintiff) was seeking out medical treatment to determine what was happening to her.

11. Around April 21, 2020 Plaintiff suffered significant impairments to her memory, reasoning and other mental functions. Plaintiff became unable to work beginning around April 21, 2020.

EXHIBIT 3

12. At this time Plaintiff had worked for the Defendant for at least one year, and had worked at least 1,250 hours in the prior twelve months.

13. Around April 27, 2020 Plaintiff's uncle contacted Defendant and spoke with Jessica Rodriguez (Assistant Director of Human Resources). Plaintiff's uncle told Ms. Rodriguez that Plaintiff was suffering from a serious mental health condition and that he (the uncle) believed Plaintiff had been hospitalized. Plaintiff's uncle explained that Plaintiff was currently unable to communicate with Defendant but that he (the family member) was requesting FMLA leave on Plaintiff's behalf.

14. Plaintiff's uncle also communicated with Shane Daniels (Defendant's ADA/FMLA Administrator) about Plaintiff's condition. Plaintiff's uncle asked Mr. Daniels to forward Plaintiff's FMLA paperwork to her father as Plaintiff was unable to communicate with Defendant or have the paperwork completed on her own due to her hospitalization.

15. Defendant refused to communicate with anyone acting on Plaintiff's behalf, insisting that they would only communicate with the Plaintiff and not her representative(s).

16. Defendant delivered Plaintiff's FMLA paperwork only through her email and home address although Defendant was aware that Plaintiff did not have access to her email and was hospitalized and thus not at home.

17. The FMLA paperwork was sent to Plaintiff on April 27, 2020 however Plaintiff did not have access to her email or her mail.

**EXHIBIT 3**

18. To Plaintiff's present knowledge and belief, Plaintiff's coworkers and supervisors commented that Plaintiff may have a drug problem (she does not) and this was the reason for her medical condition and/or absences from work.

19. Plaintiff was hospitalized through May 6, 2020.

20. Plaintiff was terminated via a letter dated May 4, 2020.

21. According to the termination letter, Defendant terminated Plaintiff's employment for job abandonment.

22. Plaintiff did not abandon her job and the Defendant was aware of that Plaintiff was hospitalized with what was believed at the time to be a mental health condition.

23. The Plaintiff was hospitalized again from around May 26, 2020 until around June 23, 2020.

24. Had Plaintiff not been terminated she would have been able to utilize FMLA-protected leave.

25. Plaintiff was not allowed to use FMLA for her absences from April 21, 2020 through the date of her termination as Defendant denied her request for FMLA leave.

26. As a direct result of Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, anxiety and other similarly unpleasant emotions.

27. Defendant terminated Plaintiff's employment because of a disability (including an actual and/or perceived disability) and/or because she attempted to and did exercise her fights under the FMLA and/or requested accommodations for a disability.

4

EXHIBIT 3

## COUNT I

Plaintiff incorporates the above paragraphs and further alleges:

28. Discrimination on the basis of a disability and/or because Defendant regarded Plaintiff as disabled, and/or because Plaintiff requested accommodations for a disability, violate the federal Rehabilitation Act.

29. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress damages.

30. Plaintiff is also entitled to an award of attorney fees.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

31. Interference with Plaintiff's right to utilize FMLA leave, and retaliation after Plaintiff attempted to and/or did exercise such rights, violate the FMLA.

32. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and liquidated damages.

33. Plaintiff is also entitled to an award of attorney fees.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the defendant and grant her all compensatory damages suffered, together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**EXHIBIT 3**

**RESPECTFULLY SUBMITTED THIS 25 DAY OF FEBRUARY 2021:**

        HAMMONS, HURST & ASSOCIATES

        _/s/ Mark E. Hammons_
        Mark E. Hammons, OBA No. 3784
        Amber L. Hurst OBA No. 21231
        HAMMONS, HURST & ASSOCIATES
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        mark@hammonslaw.com
        amber@hammonslaw.com
        *Counsel for Plaintiff*

**EXHIBIT 3**