**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LESLIE DRISKILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-21-240-F |
| | ) | |
| STATE OF OKLAHOMA, ex rel. | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant State of Oklahoma, *ex rel*. Board of Regents of the University of Oklahoma (University) moves to dismiss certain claims alleged against it by plaintiff Leslie Driskill (Driskill).  Doc. no. 8.  The motion is brought under Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P.  Driskill responded, objecting to dismissal of her claims. Doc. no. 12.  The University filed a reply brief.  Doc. no. 13.

Driskill was employed by the University, an arm of the State of Oklahoma,[1] as Clinical Trials Manager.  Her employment was terminated on May 12, 2020.  In her complaint,[2] Driskill alleges claims of discrimination and retaliation in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*., and claims of interference and retaliation in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq*.

---

[1] *See*, Cornforth v. University of Oklahoma Bd. of Regents, 263 F.3d 1129, 1131 n.1 (10th Cir. 2001).

[2] This action originally commenced in state court.  The court refers to the operative pleading as the complaint consistent with the nomenclature of the Federal Rules of Civil Procedure.

Rule 12(b)(1) and Rule 12(b)(6)

Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the complaint's allegations as to subject matter jurisdiction, questioning the sufficiency of the complaint; or (2) a factual attack which goes beyond the allegations contained in the complaint to challenge the facts upon which subject matter jurisdiction depends. *See*, Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995) (citation omitted). Here, the University's challenge of lack of subject matter jurisdiction based upon Eleventh Amendment immunity constitutes a facial attack. *See*, Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). In reviewing a facial attack, the court must accept the allegations in the complaint as true. Holt, 46 F.3d at 1002 (citation omitted).

To avoid dismissal under Rule 12(b)(6), a complaint must have enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face. *See*, Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere labels and conclusions and a formulaic recitation of the elements of a claim will not suffice; a plaintiff must offer specific factual allegations to support each claim. *Id*. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the court to draw on its judicial experience and common sense. *Id*.

Pertinent Allegations

The complaint alleges the following facts, which the court, for purposes of the present motion, assumes to be true. Driskill began her employment with the University around 2009 as Research Assistant II. She performed satisfactorily and was given several promotions. The last promotion she received was Clinical Trials Manager. She was qualified for that position and performed it satisfactorily.

Beginning around December 2019, Driskill began suffering from memory lapses, concentration difficulties, dizziness, and severe exhaustion. Around March

or April 2020, Driskill's supervisor, Shannon Kennedy, approached Driskill and stated that the University had been concerned for her wellbeing. Driskill explained what she had been suffering from and stated that she had been generally feeling unwell, and she was seeking out medical treatment to determine what was happening to her.

Around April 21, 2020, Driskill suffered significant impairments to her memory, reasoning, and other mental functions. She became unable to work on April 21, 2020.

Around April 27, 2020, Driskill's uncle contacted the University and spoke with Jessica Rodriguez (Rodriguez), who was the Assistant Director of Human Resources. The uncle told Rodriguez that Driskill was suffering from a serious mental health condition and he believed she had been hospitalized. The uncle explained that Driskill was currently unable to communicate with the University, but he was requesting FMLA leave on her behalf.

Driskill's uncle also communicated with Shane Daniels (Daniels), who was the "ADA/FMLA" Administrator, about Driskill's condition. He asked Daniels to forward Driskill's FMLA paperwork to her father as Driskill was unable to communicate with the University or have the paperwork completed on her own due to her hospitalization.

The University refused to communicate with anyone acting on Driskill's behalf, insisting that it would only communicate with Driskill. On April 27, 2020, the University sent the FMLA paperwork to Driskill's email and home addresses, even though the University was aware she did not have access to her email or her mail because of her hospitalization.

Driskill's co-workers and supervisors commented that Driskill may have a drug problem (which she does not) and this was the reason for her medical condition and absences from work.

Driskill was hospitalized through May 6, 2020.  She was terminated via a letter dated May 4, 2020.  The reason given by the University for her termination was job abandonment.  The University was aware Driskill was hospitalized with what was believed to be a mental health condition.

Driskill was not allowed to use FMLA for her absences from April 21, 2020 until the date of her termination.

Driskill was hospitalized again from around May 26, 2020 until around June 23, 2020.  Because she was terminated, Driskill was unable to utilize FMLA leave for that time.

Analysis

1.  <u>FMLA Claims – Eleventh Amendment Immunity</u>

In Count II of her complaint, Driskill alleges that the University interfered with her right to utilize FMLA leave and retaliated against her after she attempted to or did exercise her right to utilize FMLA leave.  Driskill requests money damages for the alleged interference and retaliation.  *See*, doc. no. 1-3, ¶ 32.

The FMLA allows employees to take up to 12 work weeks of unpaid leave per year.  An employee may take leave under the FMLA for the employee's own serious health condition when the condition "makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  Leave taken to address an employee's own serious health condition is referred to as self-care leave.

The FMLA makes it "(1) . . . unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter" and (2) . . . unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."  29 U.S.C. § 2615(a)(1) and (2).  The FMLA creates a private

4

right of action for any eligible employee to sue any employer who violates § 2615 for both money damages and equitable relief.  29 U.S.C. § 2617(a)(2).

The University posits that Driskill cannot bring suit against it for money damages under the FMLA's self-care provision.  Citing the Supreme Court's decision in Coleman v. Court of Appeals of Maryland, 566 U.S. 30 (2012), the University  argues that it is immune from suit for monetary relief.

Driskill concedes the University is immune from suit for money damages. However, she argues the University is not immune from suit for prospective relief such as declaratory relief or reinstatement.  Driskill points out that in the prayer portion of her complaint, she alleges entitlement to "other legal and equitable relief." If the court concludes that this is not sufficient to plead declaratory and injunctive relief against the University, Driskill requests leave to amend her complaint to properly plead she is seeking prospective relief against the University.

Upon review, the court concludes that Driskill's FMLA claims are subject to dismissal.   States enjoy sovereign immunity from suit under the Eleventh Amendment.  Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1166 (10th Cir. 2012).   However, the Eleventh Amendment is not absolute.   There are three exceptions. Id.  First, a state may waive Eleventh Amendment immunity and consent to be sued.  Id.  Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Id.  Third, under Ex parte Young, 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

The first two exceptions are not in play.  There is no dispute that Eleventh Amendment immunity has not been waived.  In addition, plaintiff recognizes that the Supreme Court's ruling in Coleman forecloses any argument of congressional

abrogation of Eleventh Amendment immunity for the FMLA claims based upon self-care leave.

Instead, in her briefing, Driskill relies upon Ex parte Young as authority for pursuing prospective relief under the FMLA against the University.   Driskill, however, has not sued any official of the University acting in his or her official capacity.   For the Ex parte Young exception to apply, a plaintiff must show that she is "suing state officials rather than the state itself."   Muscogee (Creek) Nation, 669 F.3d at 1167.   Because Driskill has not sued any University official acting in his or her official capacity, Driskill cannot rely upon Ex parte Young to save her FMLA claims.    The court thus concludes that Eleventh Amendment immunity bars plaintiff's FMLA claims against the University, and those claims should be dismissed without prejudice pursuant to Rule 12(b)(1), Fed. R. Civ. P.[3]

2. Rehabilitation Act Claims

The University argues that Driskill, in Count I of her complaint, fails to state a claim of discrimination under the Rehabilitation Act.   Specifically, the University argues that Driskill fails to allege (1) she is disabled as defined by the Act; (2) she would be otherwise qualified for the benefit she sought; (3) the state program receives federal financial assistance; and (4) she was discriminated against "solely" because of her disability.   Doc. no. 8, ECF p. 6.

Driskill responds that the "sole" causation standard does not apply to her Rehabilitation Act claims.   She maintains that her complaint sufficiently alleges prima facie claims for both disparate treatment and retaliation under the Rehabilitation Act.   Specifically, with respect to the disparate treatment claim, she asserts that she alleges facts to establish an actual disability–a physical or mental

---

[3] In light of this ruling, the court need not address the University's Rule 12(b)(6) challenge to Driskill's FMLA retaliation claim.

impairment that substantially limits the major activities of concentrating, thinking, communication, working and the functions of the "neurological, brain." Doc. no. 12, ECF p. 18. In addition, she asserts that she has alleged facts sufficient to establish that she was regarded by her supervisor as having such an impairment. Driskill also contends that she sufficiently alleges she was qualified for her position as Clinical Trials Manager and performed the duties of that position satisfactorily. Further, Driskill contends that she alleges facts giving rise to an inference of disparate treatment because she alleges that she was terminated: (1) less than a month after her supervisor expressed concern for her wellbeing and was notified of her medical issues; and her supervisor commented that she had a drug problem and that was a reason for her absences; and (2) within a month of taking her medical leave. Lastly, Driskill asserts that she is not required to plead that the University receives federal financial assistance.

"The Rehabilitation Act prohibits discrimination against an otherwise qualified individual with a disability." McGeshick v. Principi, 357 F.3d 1146, 1149 (10th Cir. 2004). "The statute makes available a private right of action to qualified individuals who have been subjected to discrimination . . . by a program or activity receiving federal financial assistance." Id. In the absence of direct evidence of discrimination, a court applies the burden-shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to evaluate disability discrimination claims under the Rehabilitation Act. See, Cummings v. Norton, 393 F.3d 1186, 1189 n. 1 (10th Cir. 2005). The first step of that framework—establishing a prima facie case of employment discrimination—requires the plaintiff to allege: (1) she is disabled under the Act; (2) she would be "otherwise qualified" to participate in the program; (3) the program receives federal financial assistance; and (4) the program has discriminated against her. McGeshick, 357 F.3d at 1150. The pertinent allegations, viewed in Driskill's favor, establish a prima facie case of discrimination

under the Rehabilitation Act.  *See*, Blough v. Rural Electric Coop., Inc., 689 Fed. Appx. 583, 587 (10th Cir. 2017) ("A plaintiff is not required to establish a prima facie case in [her] complaint to survive Rule 12(b)(6) scrutiny, but 'the elements of each alleged cause of action help to determine whether [the] [p]laintiff has set forth a plausible claim.'") (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012)).

A plaintiff is disabled under the Rehabilitation Act if she (1) has a "physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) has a "record of such an impairment;" or (3) is "regarded as having such an impairment."  42 U.S.C. § 12102(1); *see*, McGeshick, 357 F.3d at 1150 (evaluating Rehabilitation Act claim under same standards as title I of Americans with Disabilities Act (ADA) claim).  Driskill relies on the first and third prongs.

Driskill is correct that major life activities include "concentrating, thinking, communicating, and working" and the operation of a major bodily function, including "neurological, brain." 42 U.S.C. § 12102(2).  In the court's view, Driskill sufficiently alleges facts establishing a physical or mental impairment that substantially limits one or more of those major life activities.

Under the ADA, a plaintiff meets the "regarded as" prong if the plaintiff establishes that she has been subject to an action prohibited by the Act "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity" and the impairment is not "transitory and minor."  42 U.S.C. § 12102(3); *see also*, Adair v. City of Muskogee, 823 F.3d 1297, 1305-06 (10th Cir. 2016).  A transitory impairment is one "with an actual or expected duration of [six] months or less."  *Id*. at § 12102(3)(B).

Viewing the pertinent allegations in a light most favorable to Driskill, the court finds that she alleges facts sufficient to establish that the University regarded

her as having a physical or mental impairment and the impairment is not transitory and minor.

Next, the ADA defines a qualified individual with a disability as one who "with or without reasonable accommodation, can perform the essential functions of the employment position."  42 U.S.C. § 12111(8).  Upon review of the pertinent allegations in a light most favorable to Driskill and the authority cited by Driskill, the court finds that she alleges facts sufficient to establish she can perform the essential functions of her position.

Further, to state a plausible Rehabilitation Act claim, Driskill must allege facts to show she was terminated "under circumstances which give rise to an inference that the termination was based on [her disability or perceived disability]."  *See*, Smothers v. Solvay Chemicals, Inc., 740 F.3d 530, 544 (10th Cir. 2014); *see also*, Collardey v. Alliance for Sustainable Energy, LLC, Case No. 18-cv-00486-PAB-SKC, 2019 WL 4450201, at *3 (D. Colo. Sept. 16, 2019) (relying upon Smothers for both ADA and Rehabilitation Act discrimination claims).  "The burden of production placed on the plaintiff relative to the discrimination element . . . is not onerous."  *See*, Lincoln v. BNSF Railway Company, 900 F.3d 1166, 1193 (10th Cir. 2018).  "Courts have enumerated a variety of circumstances that can give rise to an inference of discriminatory motive."  Plotke v. White, 405 F.3d 1092, 1101 (10th Cir. 2005).  These circumstances include "actions or remarks made by decisionmakers that could be viewed as reflecting discriminatory animus."  *Id*. (quotation omitted).  A plaintiff may also rely "upon the timing or sequence of events leading to [her] termination."  *Id*.    Viewed in a light most favorable to Driskill, the pertinent allegations are sufficient to establish that the disability or perceived disability was a determining factor in Driskill's termination.  *See*, Lincoln, 900 F.3d at 1193 ("[T]he inference of discrimination element of the prima facie case requires the plaintiff to present some affirmative evidence that disability was a determining factor in the

employer's decision") (emphasis and quotation omitted); *see also*, Collardey, 2019 WL 4450201, at *3) (relying upon Lincoln for both ADA and Rehabilitation Act discrimination claims).

Lastly, as to the element of whether the University receives federal financial assistance, the court agrees with Driskill that she need not specifically allege this element of the prima facie case to survive dismissal under Rule 12(b)(6). *See*, Ryan v. Shawnee Mission U.S.D. 512, 416 F.Supp.2d 1090, 1097 (D. Kan. 2006) ("Defendants contend that the plaintiff's claim should be dismissed because she does not allege that the school district received federal financial assistance. The court might be willing to embrace such an argument if it were not quite so obvious that the defendant is a recipient of federal financial assistance."). There is no assertion by the University that it does not receive federal financial assistance. The court declines to dismiss Driskill's Rehabilitation Act discrimination claim where the missing allegation is "simply a technical defect in pleading." *Id*.

In sum, the court concludes that Driskill's pertinent allegations are sufficient to state a plausible claim of disability discrimination under the Rehabilitation Act. The court finds that dismissal of that claim under Rule 12(b)(6) is not appropriate. The court hastens to emphasize that it reaches this conclusion in the Rule 12(b)(6) framework. How all this will pan out at later stages of this case is a matter yet to be determined.

As to the Rehabilitation Act retaliation claim, the court declines to address whether a plausible claim has been stated by Driskill because the University's motion does not challenge that claim. The motion only challenges the Rehabilitation Act discrimination claim. In its reply brief, the University states that Driskill's "intent to allege retaliation under the Rehabilitation Act was not clear from the Complaint." Doc. no. 13, ECF p. 2. However, the court notes that in its Notice of Removal, the University acknowledged that Driskill had alleged a claim for

retaliation under the Rehabilitation Act.  Doc. no. 1, ECF p. 1, ¶ 1.  Even though Driskill addressed the claim in her response, the court is not satisfied that the issue of whether Driskill has pled a plausible Rehabilitation Act retaliation claim has been properly fleshed out by the parties and therefore concludes the issue has been waived by the University.  *See*, *e.g.*, Garcia v. International Elevator Co., Inc., 358 F.3d 777, 781 (10th Cir. 2004) (finding issue raised in a reply brief to motion to dismiss complaint waived even though plaintiff filed a surreply addressing the issue).

Conclusion

For the reasons stated, Defendant's Motion to Dismiss (doc. no. 8), filed March 29, 2021, is **GRANTED in part** and **DENIED in part**.

Plaintiff's claims under the Family Medical Leave Act (Count II of the complaint) are **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(1), Fed. R. Civ. P.

Plaintiff's claims under the Rehabilitation Act (Count I of the complaint) remain pending.

IT IS SO ORDERED this 14th day of May, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0240p003.docx